GEOFFREY W. HAWKINS, ESQ.
Nevada Bar No. 7740
**HAWKINS MELENDREZ, P.C.**
10161 Park Run Drive, Suite 160
Las Vegas, NV 89145
ghawkins@hawkinsmelendrez.com
Telephone: (702) 318-6574
Facsimile: (702) 318-6575

Attorneys for Plaintiff, The Galina Sudai 2009 Irrevocable Trust For The Benefit Of Her Son, Michael Kubrak

HAWKINS MELENDREZ, P.C.
10161 Park Run Drive, Suite 150
Las Vegas, Nevada 89145
Telephone (702) 318-6574 • Facsimile (702) 318-6575

**UNITED STATES DISTRICT COURT**

**DISTRICT OF SOUTHERN NEVADA**

THE GALINA SUDAI 2009 IRREVOCABLE TRUST FOR THE BENEFIT OF HER HANDICAPPED SON, MICHAEL KUBRAK,

Plaintiff,

*vs.*

ROBB EVANS, Receiver over the Assets of Joshua Michaely; PATTI MICHAELY and JOSHUA MICHAELY, and DOES I through X, inclusive,

Defendants.

Case No.: 2:09-CV-2181

Dept. No.: ____________

**COMPLAINT**

**JURY TRIAL DEMANDED**

COMES NOW Plaintiff, THE GALINA SUDAI 2009 IRREVOCABLE TRUST FOR THE BENEFIT OF HER HANDICAPPED SON, MICHAEL KUBRAK ("GMT" or "Plaintiff"), by and through its attorney, Geoffrey W. Hawkins, Esq., of Hawkins Melendrez, P.C., alleges as follows:

**INTRODUCTION**

1. Defendant, ROBB EVANS (hereinafter "Receiver"), Receiver over the Assets of Joshua Michaely.

2. Defendant PATTI MICHAEL (hereinafter "PM") owner of Judgment against Joshua Michaely.

3. Defendant JOSHUA MICHAELY (hereinafter "JM") was the manager of the companies now comprising GMT.

4. JM met GALINA KUBRAK (hereinafter "GK") approximately (18) eighteen years ago after his separation from PM.

5. Over the past seven (7) years, GK hired JM to be the manager of numerous companies, including, inter alia, the following: Nellis Motel Company, Inc.; Prestige Realty and Developers Inc.; David Lapin Limited Partnership, Inc.; Misha,LLC; and 953 E. Sahara Inc. (hereinafter "The Companies").

6. Eventually it was discovered that JM, over the course of his employment, interfered with The Companies' contracts. Subsequently, PM and others encouraged by JM's defamatory statements, brought suit against The Companies and various other businesses in which The Companies are involved. After further investigation and review of the allegations made, facts and information were discovered that JM substantially abused his position of trust by: (i) engaging in self-dealing; (ii) misappropriating and converting property entrusted to him; (iii) usurping corporate opportunities presented to him as a manager; (iv) secreting confidential and privileged business records; (v) committing tortious acts outside the scope of his duties and authorities; and (vi) breaching his fiduciary duty and contractual duties to The Companies. If the allegations of fraud, misstatements, and breach of fiduciary duty by JM regarding The Companies are ultimately proven, then JM also made unauthorized false statements and promises to individuals to induce them to invest in The Companies and otherwise. In such event, JM breached his fiduciary duties to The Companies and is liable to GMT for among other things contractual and common law indemnification.

7. Since the date of JM's fraud against The Companies, Receiver and PM have made and continue to make derogatory statements about The Companies regarding the manner in which The Companies operate and perform business.

HAWKINS MELENDREZ, P.C.
10161 Park Run Drive, Suite 150
Las Vegas, Nevada 89145
Telephone (702) 318-6574 • Facsimile (702) 318-6575

8. JM has breached certain contractual relationships with The Companies and committed tortious acts against The Companies that have resulted in at least (18) eighteen causes of action described herein.

9. In addition, JM has breached various representations and warranties contained in agreements he signed relating to The Companies. Had The Companies known that the representations and warranties made by JM were false, The Companies would have supervised JM, thus avoiding litigation.

10. It has become extremely clear that Receiver and PM have made false representations and statements regarding The Companies.

11. The wrongful acts by Receiver, PM and JM caused Plaintiff to be damaged in a substantial amount not presently known with certainty, but well above and beyond the jurisdictional minimum of $75,000.

12. The wrongful acts by Receiver, PM and JM were deliberate, willful, oppressive, malicious, and fraudulent, and thereby justify an award of exemplary or punitive damages to Plaintiff.

13. JM remains in possession of misappropriated and converted property that must be restored to GMT.

14. Plaintiff retained the services of Geoffrey W. Hawkins to prosecute this claim, and is entitled to recover reasonable attorneys' fees and other costs incurred in this litigation, in addition to any other relief to which it may be entitled.

**PARTIES**

15. GMT is a trust formed and existing pursuant to the laws of the State of Nevada, with its principal place of business in Clark County, Nevada.

16. Defendant Robb Evans was and now is a resident of the County of San Diego, California. Evans is the court appointed receiver over the assets of Defendant Joshua Michaely.

17. Defendant Patti Michaely was and now is a resident of the County of Los Angeles, State of California.

HAWKINS MELENDREZ, P.C.
10161 Park Run Drive, Suite 150
Las Vegas, Nevada 89145
Telephone (702) 318-6574 • Facsimile (702) 318-6575

18. Defendant Joshua Michaely was and now is a resident of the County of Los Angeles, State of California.

19. DOES I through X, inclusive, are individuals or business entities who participated in the acts detailed below, and are responsible and liable to Plaintiff for their actions. The true names and capacities of those parties sued as DOES I through X, inclusive, are presently unknown to Plaintiff, who therefore sues said parties by such fictitious names. When the true names and capacities of such parties become known, Plaintiff will seek leave of Court to amend its Complaint to replace one or more "Doe" parties with the true name, identity and capacity of each additional party to this action, together with the proper charges and allegations, and to authorize service of process on such additional parties.

HAWKINS MELENDREZ, P.C.
10161 Park Run Drive, Suite 150
Las Vegas, Nevada 89145
Telephone (702) 318-6574 • Facsimile (702) 318-6575

**JURISDICTION and VENUE**

20. Venue is proper because Plaintiff has its principal place of business, in Clark County, Nevada. Venue is also proper because a substantial portion of the acts, events, and transactions complained of herein occurred in Clark County, Nevada.

21. This Court has jurisdiction over all Defendants because none of the Defendants are individual residents of Nevada, or a corporation or company duly organized under the laws of Nevada, with its principal place of business in Nevada, as such diversity jurisdiction exists.

22. Venue is proper because damages are in excess of the jurisdictional minimum of $75,000.

**GENERAL ALLEGATIONS**

23. The general purpose of GMT is to manage assets, raise capital to invest, either directly or indirectly, in certain individual companies that will own all or a portion of particular real estate development projects.

24. As a manager of The Companies, JM agreed to abide by all employment policies established by The Companies.

25. On information and belief, JM fraudulently transferred numerous properties

belonging to The Companies.

26. To accomplish these fraudulent transfers, JM coerced GK into signing documents to transfer said properties and in some cases forged or caused to be forged GK's signature. In some cases, notary signatures are also forged on Company documents.

27. In the situations when the properties were fraudulently transferred, JM knew or should have known that the forgeries were occurring.

28. During JM's time with The Companies, he fraudulently transferred and intentionally provided insufficient, inaccurate, and damaging business advice for The Companies that he knew was against the best interest of The Companies.

29. On information and belief, during JM's time at The Companies, he misrepresented to The Companies his prior work experience in an effort to gain the trust of The Companies' officers and to induce the payment of increased compensation thereby, as described below.

30. During JM's time at The Companies, he received increased compensation he would not ordinarily receive but for his misrepresentations in the form of inflated salary, reimbursement of expense account expenditures, and payment of commissions and fees.

31. During JM's time at The Companies, he abused the trust that he had developed with the other members The Companies by making a series of misrepresentations for the purpose of advancing his own personal gain and enjoyment, to the great detriment and harm of The Companies.

32. During JM's time at The Companies and outside the scope of his authority as a manager of The Companies' assets, engaged in a scheme to defraud and mislead investors for his own personal and financial gain by making unauthorized guarantees to investors.

33. On information and belief, during JM's time at The Companies, he attempted to broker, without a license, certain below market leases for businesses and individuals friendly with JM for his personal financial gain and to the detriment of The Companies.

HAWKINS MELENDREZ, P.C.
10161 Park Run Drive, Suite 150
Las Vegas, Nevada 89145
Telephone (702) 318-6574 • Facsimile (702) 318-6575

34. On information and belief, during JM's time at The Companies, he misdirected prospective tenants willing to lease at market rates to other real estate developments that JM had a personal interest and/or relationship with for his own personal and financial gain and to the detriment of GMT.

35. During JM's time at The Companies, he incurred expense account expenditures that served his personal interests and/or business interests separate and apart from The Companies' interests.

36. Following the discovery of JM's fraud, JM solicited and conspired with Receiver to tortiously interfere with The Companies' contracts and day-to-day operations.

37. Following the discovery of JM's fraud, based on information and belief, he and Receiver engaged in a scheme to defame The Companies and to interfere with The Companies' business relationships and contracts, involving, without limitation, those of borrowers, lenders, brokers, consultants, attorneys and other agents of The Companies by presumably indicating that he falsely stated to others that The Companies were engaged in wrongdoing.

38. It is believed that Receiver, PM and JM made varied and many derogatory and slanderous statements about The Companies.

39. The defamatory statements made by Receiver, PM and JM erroneously imply that The Companies are less than credible businesses whose conduct puts its investors and potential investors at risk. Furthermore, the defamatory statements erroneously imply that The Companies failed to meet the appropriate standards of care applicable to the profession, and the statements erroneously imply that The Companies engaged in illegal and/or criminal acts.

40. Numerous employees of The Companies left The Companies due, at least in part, to these defamatory statements.

41. Due to the aforementioned facts, Receiver, PM and JM have caused GK to spend in excess of $870,000 in legal fees to date.

/ / /

HAWKINS MELENDREZ, P.C.
10161 Park Run Drive, Suite 150
Las Vegas, Nevada 89145
Telephone (702) 318-6574 • Facsimile (702) 318-6575

HAWKINS MELENDREZ, P.C.
10161 Park Run Drive, Suite 150
Las Vegas, Nevada 89145
Telephone (702) 318-6574 • Facsimile (702) 318-6575

**FIRST CAUSE OF ACTION**

**(Fraud Claim against JM)**

42. Plaintiff realleges and incorporates by reference each and every allegation contained in Paragraphs 1 through 41 above.

43. On information and belief, JM made false representations of material facts to, and concealed material facts from The Companies' agents and employs in an effort to gain the trust of The Companies' officers and to induce the payment of increased compensation from The Companies in the form of inflated salary, reimbursement of expense account expenditures, and payment of commissions and fees for procuring investors in The Companies.

44. If the allegations of Defendants regarding false statements made to them are proven, then without the knowledge of The Companies and outside the scope of the JM's authority, JM made false representations of material facts to, and concealed material facts from, The Companies and potential investors concerning: (i) certain guarantees that investors in The Companies would receive and in direct contradiction of agreement; (ii) the background of The Companies as a sophisticated, full service commercial real estate development and property management company; (iii) varied forms of compensation paid to him by The Companies; and (iv) JM never disclosed to The Companies that he made any false statements to potential investors, thus inducing The Companies to enter into investment contracts with such investors.

45. If his allegations in his Complaint are true regarding false statements made to investors, JM made any such false representations and omissions with knowledge of their falsity and with the intent to defraud and induce The Companies management and members to act upon those false representations or omissions.

46. The Companies reasonably and detrimentally relied on information, opinions, reports, misrepresentations and concealment of material facts made by JM.

47. The wrongful acts, omissions and self-dealings of JM caused Plaintiff to be damaged in a substantial amount not presently known with certainty, but above the

jurisdictional minimum amount of $75,000.

48. The wrongful acts, omissions and self-dealings of JM were deliberate, willful, oppressive, malicious, and fraudulent, and thereby justify an award of exemplary or punitive damages to Plaintiff.

49. It is inequitable for JM to enjoy the benefits of such fraud including, enjoyment of undeserved compensation, as described above, because such benefits rightfully belong to Plaintiff. JM gained this property and compensation through fraud and holds the same as constructive trustee for the benefit of Plaintiff. Plaintiff is entitled to the equitable remedy of a constructive trust and an accounting to recover these assets.

50. Plaintiff has been required to obtain the services of Geoffrey W. Hawkins, Esq., to prosecute this claim, and is entitled to recover reasonable attorney's fees and other costs incurred in this litigation, in addition to any other relief to which it may be entitled.

HAWKINS MELENDREZ, P.C.
10161 Park Run Drive, Suite 150
Las Vegas, Nevada 89145
Telephone (702) 318-6574 • Facsimile (702) 318-6575

## SECOND CAUSE OF ACTION

**(Negligent Misrepresentation Claim against Receiver, PM and JM)**

51. Plaintiff realleges and incorporates by reference each and every allegation contained in Paragraphs 1 through 50 above.

52. JM made false representations of material facts to, and concealed material facts from The Companies concerning his prior work experience to gain the trust of The Companies and to induce the payment of increased compensation from The Companies in the form of grossly inflated salary, interests in The Companies, reimbursement of expense account expenditures, and payment of commissions and fees for procuring investors in The Companies.

53. Without the knowledge of The Companies and outside the scope of JM's authority, if the allegations of JM are proven regarding false statements made to the former members, then JM made false representations and/or omitted material facts with negligent, careless, or reckless disregard of the truth or falsity of the representations and omissions, to The Companies and potential investors concerning: (i) certain guarantees that investors

in The Companies would receive; (ii) the background of The Companies as a sophisticated, full service commercial real estate development and property management company; and (iii) the varied forms of compensation paid to himself by The Companies.

54. If Receiver's, PM's and JM's false statements and representations to investors occurred, then Receiver, PM and JM made false representations and omissions with negligent, careless, or reckless disregard of the truth or falsity of the representations and omissions, and with the intent to induce The Companies investors to act upon those false representations or omissions.

55. The Companies reasonably and detrimentally relied on information, opinions, reports, misrepresentations and concealment of material facts made by JM.

56. The wrongful acts, omissions and self-dealings of Receiver, PM and JM caused Plaintiff to be damaged in a substantial amount not presently known with certainty, but above the jurisdictional minimum amount of $75,000.

57. The wrongful acts, omissions and self-dealings of Receiver, PM and JM were deliberate, willful, oppressive, malicious, and fraudulent, and thereby justify an award of exemplary or punitive damages to Plaintiffs.

58. It is inequitable for JM to enjoy the benefits of such negligent misrepresentations including, undeserved compensation, as described above, because such benefits rightfully belong to Plaintiffs. JM gained this property and compensation through negligent misrepresentation and holds the same as constructive trustee for the benefit of Plaintiffs. Plaintiffs are entitled to the equitable remedy of a constructive trust and an accounting to recover these assets.

59. Plaintiffs have been required to obtain the services of Geoffrey W. Hawkins, Esq. to prosecute this claim, and are entitled to recover reasonable attorney's fees and other costs incurred in this litigation, in addition to any other relief to which they may be entitled.

/ / /

/ / /

HAWKINS MELENDREZ, P.C.
10161 Park Run Drive, Suite 150
Las Vegas, Nevada 89145
Telephone (702) 318-6574 • Facsimile (702) 318-6575

HAWKINS MELENDREZ, P.C.
10161 Park Run Drive, Suite 150
Las Vegas, Nevada 89145
Telephone (702) 318-6574 • Facsimile (702) 318-6575

**THIRD CAUSE OF ACTION**

**(Misappropriation and Conversion of Property Claims against JM)**

60. Plaintiff realleges and incorporates by reference each and every allegation contained in Paragraphs 1 through 59 above.

61. As a manager of The Companies, JM agreed to abide by all employment policies established by The Companies.

62. Due to JM's false statements, during JM's time at The Companies, he was over compensated by The Companies and in the form of an inflated salary, reimbursement of expense account expenditures, and payment of commissions and fees for procuring investors for The Companies.

63. JM's expense account expenditures served his personal interests and/or business interests separate and apart from the interests of The Companies.

64. On information and belief, during JM's time at The Companies, he misrepresented to The Companies, his prior work experience in an effort gain the trust of The Companies officers and to induce the payment of increased compensation from The Companies in the form of inflated salary, membership interests in The Companies, reimbursement of expense account expenditures, and payment of commissions and fees for procuring investors in The Companies.

65. During JM's time at The Companies, he abused the trust that he had developed by making a series of misrepresentations for the purpose of advancing his own personal gain and enjoyment, to the great detriment and harm to The Companies.

66. During and following JM's tenure to The Companies, he secreted and removed from The Companies place of business certain confidential and privileged business records of The Companies to further his personal interests and/or business interests separate and apart from the interests of The Companies, to the great detriment of The Companies.

67. The wrongful acts of JM caused The Companies to be damaged in a substantial amount not presently known with certainty, but above the jurisdictional

minimum of $75,000.

68. The wrongful acts of JM were deliberate, willful, oppressive, malicious, and fraudulent, and thereby justify an award of exemplary or punitive damages to Plaintiff.

69. JM remains in possession of misappropriated and converted business records and property of The Companies.

70. It is inequitable for JM to enjoy the benefits of misappropriated and converted property, including, without limitation, confidential and privileged business records secreted from The Companies place of business, continued enjoyment of undeserved and inflated compensation paid to JM by Plaintiff, as described above, because such benefits rightfully belong to Plaintiff. JM gained this property through fraud and holds the same as constructive trustee for the benefit of Plaintiff. Plaintiff is entitled to the equitable remedy of a constructive trust and an accounting to recover these assets.

71. Plaintiff has obtained the services of Geoffrey W. Hawkins, Esq., to prosecute this claim, and is entitled to recover reasonable attorney's fees and other costs incurred in this litigation, in addition to any other relief to which they may be entitled.

HAWKINS MELENDREZ, P.C.
10161 Park Run Drive, Suite 150
Las Vegas, Nevada 89145
Telephone (702) 318-6574 • Facsimile (702) 318-6575

**FOURTH CAUSE OF ACTION**

**(Breach of Fiduciary Duty Claim against JM)**

72. Plaintiff realleges and incorporates by reference each and every allegation contained in Paragraphs 1 through 71 above.

73. JM owed fiduciary duties, including the duties of loyalty and due care, to The Companies.

74. In violation of these duties, JM withheld material information and actively deceived The Companies as stated above. JM lacked due care in hiring Alan Kessler, an unqualified employee, responsible for excessive financial damage to Plaintiff and The Companies.

75. JM's wrongful acts and self-dealings caused The Companies to be damaged in an amount not presently known with certainty, but above the jurisdictional minimum of $75,000.

HAWKINS MELENDREZ, P.C.
10161 Park Run Drive, Suite 150
Las Vegas, Nevada 89145
Telephone (702) 318-6574 • Facsimile (702) 318-6575

76. JM's acts and self-dealings were deliberate, willful, oppressive, malicious, and fraudulent, and thereby justify an award of exemplary or punitive damages to Plaintiff.

77. It is inequitable for JM to enjoy the benefits of such negligent misrepresentations including and enjoyment of undeserved compensation, as described above, because such benefits rightfully belong to Plaintiff. JM gained this property and compensation by breaching his fiduciary duties owed to The Companies and holds the same as constructive trustee for the benefit of Plaintiff. Plaintiff is entitled to the equitable remedy of a constructive trust and an accounting to recover these assets.

78. Plaintiff has been required to obtain the services of Geoffrey W. Hawkins, Esq., to prosecute this claim, and is entitled to recover reasonable attorney's fees and other costs incurred in this litigation, in addition to any other relief to which they may be entitled.

## FIFTH CAUSE OF ACTION

### (Self Dealing Claim against JM)

79. GMT realleges and incorporates by reference each and every allegation contained in Paragraphs 1 through 78 above.

80. During JM's time at The Companies, he attempted to broker, without a license, certain below market leases for businesses and individuals friendly with JM for his personal financial gain and to the detriment of The Companies. By the acts described above and JM's attempts to broker, without a license, certain below market lease rates for businesses and individuals friendly with JM for his personal financial gain and to the detriment of The Companies, JM engaged in self-dealing. JM had a material financial interest in the above-described transactions, to which The Companies was a party. JM persuaded The Companies to engage in those transactions even though they were not fair or reasonable to The Companies. Because of JM, The Companies made decisions and approved transactions that harmed The Companies and benefited JM.

81. The wrongful acts and self-dealings of JM caused Plaintiff to be damaged in a substantial amount not presently known with certainty, but above the jurisdictional

minimum of $75,000.00.

82. The wrongful acts and self-dealings of JM were deliberate, willful, oppressive, malicious, and fraudulent, and thereby justify an award of exemplary or damages to Plaintiff.

83. The wrongful acts and self-dealings of JM were deliberate, willful, oppressive, malicious, and fraudulent, and thereby justify an award of punitive damages to Plaintiffs.

84. It is inequitable for JM to enjoy the benefits of such self-dealings including enjoyment of undeserved compensation paid to JM by The Companies, as described above, because such benefits rightfully belong to Plaintiff. JM gained this property and compensation through wrongful self dealing and holds the same as constructive trustee for the benefit of Plaintiff. Plaintiff is entitled to the equitable remedy of a constructive trust and an accounting to recover these assets.

85. Plaintiffs have been required to obtain the services of Geoffrey W. Hawkins, Esq. to prosecute this claim, and are entitled to recover reasonable attorney's fees and other costs incurred in this litigation, in addition to any other relief to which they may be entitled.

**SIXTH CAUSE OF ACTION**

**(Usurpation of Corporate Opportunity Claim against JM)**

86. Plaintiff realleges and incorporates by reference each and every allegation contained in Paragraphs 1 through 85 above.

87. By the acts and described above and JM's misdirection of prospective tenants interested in leasing office and/or retail space to other real estate projects that JM had a personal interest and/or relationship with for his own personal and financial gain and to the detriment of The Companies, JM usurped corporate opportunities. JM had a material financial interest in the above-described transactions and because of JM, The Companies missed opportunities to benefit from rental income generated and such harmed The Companies and unfairly benefited JM.

HAWKINS MELENDREZ, P.C.
10161 Park Run Drive, Suite 150
Las Vegas, Nevada 89145
Telephone (702) 318-6574 • Facsimile (702) 318-6575

88. The wrongful acts of JM caused Plaintiff to be damaged in a substantial amount not presently known with certainty, but above the jurisdictional minimum of $75,000.

89. The wrongful acts and self-dealings of JM were deliberate, willful, oppressive, malicious, and fraudulent, and thereby justify an award of exemplary or punitive damages to Plaintiff.

90. It is inequitable for JM to enjoy the benefits of usurping corporate opportunities and the enjoyment of inflated compensation paid to JM by Plaintiff, as described above, because such benefits rightfully belong to Plaintiff. JM holds these benefits as constructive trustee for the benefit of Plaintiff. Plaintiff is entitled to the equitable remedy of a constructive trust and an accounting to recover the value of these lost opportunities.

91. Plaintiff has been required to obtain the services of Geoffrey W. Hawkins, Esq., to prosecute this claim, and is entitled to recover reasonable attorney's fees and other costs incurred in this litigation, in addition to any other relief to which it may be entitled.

**SEVENTH CAUSE OF ACTION**

**(Tortious Interference with Contract against Receiver, PM and JM)**

92. Plaintiff realleges and incorporates by reference each and every allegation contained in Paragraphs 1 through 91, above.

93. As an employee of The Companies, JM agreed to abide by all employment policies established by The Companies.

94. During JM's time at The Companies, if the allegations of the former members are proven with respect to false statements made to them, in a scheme to defraud and mislead investors for his own personal and financial gain, he made unauthorized guarantees to investors.

95. Receiver, PM and JM in a scheme to make false statements to third parties solicited and concealed material facts from such third parties to induce them to breach

HAWKINS MELENDREZ, P.C.
10161 Park Run Drive, Suite 150
Las Vegas, Nevada 89145
Telephone (702) 318-6574 • Facsimile (702) 318-6575

their contracts with The Companies.

96. JM solicited to Receiver and PM, in a scheme to interfere with Plaintiff's business relationships and contracts, involving, without limitation, those of borrowers, lenders, brokers, consultants, attorneys and other agents of Plaintiffs by filing a complaint against The Companies, wherein claims that The Companies was engaged in wrongdoing, which Receiver, PM and JM published to such third parties.

97. The wrongful acts of Receiver, PM and JM caused Plaintiffs to be damaged in a substantial amount not presently known with certainty, but above the jurisdictional minimum of $75,000.

98. The wrongful acts of Receiver, PM and JM were deliberate, willful, oppressive, malicious, and fraudulent, and thereby justify an award of exemplary or punitive damages to Plaintiffs.

99. It is inequitable for JM to enjoy the benefits of such wrongful acts including undeserved compensation, as described above, because such benefits rightfully belong to Plaintiffs. JM gained this property and compensation through wrongful acts and holds the same as constructive trustee for the benefit of Plaintiffs. Plaintiffs are entitled to the equitable remedy of a constructive trust and an accounting to recover these assets.

100. Plaintiffs have been required to obtain the services of Geoffrey W. Hawkins, Esq., to prosecute this claim, and are entitled to recover reasonable attorneys' fees and other costs incurred in this litigation, in addition to any other relief to which they may be entitled.

HAWKINS MELENDREZ, P.C.
10161 Park Run Drive, Suite 150
Las Vegas, Nevada 89145
Telephone (702) 318-6574 • Facsimile (702) 318-6575

## EIGHTH CAUSE OF ACTION

### (Defamation Claim against Receiver, PM and JM)

101. Plaintiff realleges and incorporates by reference each and every allegation contained in Paragraphs 1 through 100 above.

102. Receiver, PM and JM have slandered and libeled The Companies with false statements in a public forum.

103. Plaintiff believes that defamatory remarks were made by Receiver, PM and

HAWKINS MELENDREZ, P.C.
10161 Park Run Drive, Suite 150
Las Vegas, Nevada 89145
Telephone (702) 318-6574 • Facsimile (702) 318-6575

JM against The Companies.

104. The defamatory statements made by Receiver, PM and JM erroneously imply that The Companies are less than a credible business whose conduct puts its investors at risk. Furthermore, the defamatory statements imply that The Companies failed to meet the appropriate standards of care applicable the profession, and the statements imply that The Companies engaged in illegal and or criminal acts. Because the defamatory statements made by Receiver, PM and JM left investors with these false adverse impressions, the statements consequently caused a disruption in the contractual relationship between The Companies and its investors.

105. The wrongful acts of Receiver, PM and JM caused Plaintiff to be damaged in a substantial amount not presently known with certainty, but above the jurisdictional minimum of $75,000.

106. The wrongful acts of Receiver, PM and JM were deliberate, willful, oppressive, malicious, and fraudulent, and thereby justify an award of exemplary or punitive damages to Plaintiff.

107. It is inequitable for JM to enjoy the benefits of such wrongful acts including enjoyment of undeserved compensation, as described above, because such benefits rightfully belong to Plaintiff. JM gained this property and compensation through wrongful acts and holds the same as constructive trustee for the benefit of Plaintiff. Plaintiff is entitled to the equitable remedy of a constructive trust and an accounting to recover these assets.

108. Plaintiff has been required to obtain the services of Geoffrey W. Hawkins, Esq., to prosecute this claim, and is entitled to recover reasonable attorney's fees and other costs incurred in this litigation, in addition to any other relief to which they may be entitled.

/ / /

/ / /

/ / /

**NINTH CLAIM FOR RELIEF**

**(Invasion of Privacy/False Light Claim against all Receiver, PM and JM)**

109. Plaintiff realleges and incorporates by reference each and every allegation contained in Paragraphs 1 through 108 above.

110. The statements made by Receiver, PM and JM were and are misleading to the public because they imply The Companies are less-than-credible businesses whose conduct puts his investors at risk.

111. The statements made by Receiver, PM and JM were and are misleading to the public because they imply The Companies fail to meet the standard of care applicable the profession.

112. The statements made by Receiver, PM and JM were and are misleading to the public because they imply The Companies engage in illegal and/or criminal acts.

113. A significant motive for statements made by Receiver, PM and JM was their hope for pecuniary gain through the institution and subsequent settlement of lawsuits against The Companies.

114. Receiver, PM and JM continue to make derogatory statements about The Companies similar to that detailed above on a regular basis through the date this Complaint is filed.

115. Receiver, PM and JM see their statements as causing a revenue stream for which they can extort money from The Companies.

116. The statements made by Receiver, PM and JM constitute publicity unreasonably placing The Companies in a false light before the public.

117. The aforementioned statements are false and leave the recipient of such information with the false impression that The Companies is a less-than-credible business whose conduct puts its investors at risk, has engaged in negligent conduct, and has engaged in illegal and/or criminal conduct.

118. The aforementioned statements have placed The Companies in a false light,

HAWKINS MELENDREZ, P.C.
10161 Park Run Drive, Suite 150
Las Vegas, Nevada 89145
Telephone (702) 318-6574 • Facsimile (702) 318-6575

which is highly offensive to a reasonable person.

119. The above-described statements were made with the intent of extorting money from The Companies and intentionally injuring The Companies and their businesses, thereby justifying an award of punitive damages in an amount appropriate to punish Receiver, PM and JM for their wrongful and malicious conduct and to deter others from engaging in such conduct.

120. As a direct and proximate result of said willful and malicious conduct complained of herein, Plaintiff has suffered mental anguish, embarrassment, and humiliation.

121. As a direct and proximate result of said incident complained of herein, Plaintiff has suffered general and special damages in an amount in excess of $75,000.

122. The wrongful acts of Receiver, PM and JM were deliberate, willful, oppressive, malicious, and fraudulent, and thereby justify an award of exemplary or punitive damages to Plaintiff.

123. It is inequitable for JM to enjoy the benefits of such wrongful acts including undeserved compensation, as described above, because such benefits rightfully belong to Plaintiff. JM gained this property and compensation through wrongful acts and holds the same as constructive trustee for the benefit of Plaintiff. Plaintiff is entitled to the equitable remedy of a constructive trust and an accounting to recover these assets.

124. Plaintiff has been required to obtain the services of Geoffrey W. Hawkins, Esq., to prosecute this claim, and is entitled to recover reasonable attorney's fees and other costs incurred in this litigation, in addition to any other relief to which it may be entitled.

**TENTH CLAIM FOR RELIEF**

**(Breach of Contract Claim against JM)**

125. Plaintiff realleges and incorporates by reference each and every allegation contained in Paragraphs 1 through 124 above.

126. JM entered into written contracts with The Companies, which fully detail the

HAWKINS MELENDREZ, P.C.
10161 Park Run Drive, Suite 150
Las Vegas, Nevada 89145
Telephone (702) 318-6574 • Facsimile (702) 318-6575

HAWKINS MELENDREZ, P.C.
10161 Park Run Drive, Suite 150
Las Vegas, Nevada 89145
Telephone (702) 318-6574 • Facsimile (702) 318-6575

parameters of his investments, including provisions for return of the investments and payout.

127. Specifically, the agreements provide that investors do not have any right to distributions other than as set forth in the agreements and they do not have any right to the early return of their investments or the right to withdraw from as members.

128. Notwithstanding, JM have demanded money payments from Plaintiff for which their agreements with The Companies do not require and has demanded the premature return of on investment.

129. Defendant's unjustified and improper demand for payment and return of his investments constitute material breaches of their respective contracts with The Companies.

130. As a direct and proximate result of said incident complained of herein, Plaintiff has suffered general and special damages in an amount in excess of $75,000.

131. The wrongful acts of JM were deliberate, willful, oppressive, malicious, and fraudulent, and thereby justify an award of exemplary or punitive damages to Plaintiff.

132. It is inequitable for JM to enjoy the benefits of such wrongful acts including undeserved compensation, as described above, because such benefits rightfully belong to Plaintiff. JM gained this property and compensation through wrongful acts and holds the same as constructive trustee for the benefit of Plaintiff. Plaintiff is entitled to the equitable remedy of a constructive trust and an accounting to recover these assets.

133. Plaintiff has been required to obtain the services of Geoffrey W. Hawkins, Esq., to prosecute this claim, and is entitled to recover reasonable attorney's fees and other costs incurred in this litigation, in addition to any other relief to which it may be entitled.

## ELEVENTH CLAIM FOR RELIEF

**(Breach of Implied Covenant of Good Faith and Fair Dealing against Receiver, PM and JM)**

134. Plaintiff realleges and incorporates by reference each and every allegation

contained in Paragraphs 1 through 133 above.

135. Under Nevada law, an implied covenant of good faith and fair dealing exists in every contract, including the agreements herein.

136. Receiver, PM and JM owed a duty of good faith and fair dealing to The Companies arising out of their respective execution of the agreements.

137. Receiver, PM and JM breached their respective duties of good faith and fair dealing by demanding money payments to which they were not entitled.

138. Receiver, PM and JM breached their respective duties of good faith and fair dealing by demanding the premature return on their investments with The Companies.

139. As a direct and proximate result of said incident complained of herein, Plaintiff has suffered general and special damages in an amount in excess of $75,000.

140. The wrongful acts of Receiver, PM and JM were deliberate, willful, oppressive, malicious, and fraudulent, and thereby justify an award of exemplary or punitive damages to Plaintiff.

141. It is inequitable for JM to enjoy the benefits of such wrongful acts including enjoyment of undeserved compensation, as described above, because such benefits rightfully belong to Plaintiff. JM gained this property and compensation through wrongful acts and holds the same as constructive trustee for the benefit of Plaintiff. Plaintiff is entitled to the equitable remedy of a constructive trust and an accounting to recover these assets.

142. Plaintiff has been required to obtain the services of Geoffrey W. Hawkins, Esq., to prosecute this claim, and is entitled to recover reasonable attorney's fees and other costs incurred in this litigation, in addition to any other relief to which it may be entitled.

**TWELFTH CLAIM FOR RELIEF**

**(Unjust Enrichment Claim against Receiver, PM and JM)**

143. Plaintiff realleges and incorporates by reference each and every allegation contained in Paragraphs 1 through 142 above.

HAWKINS MELENDREZ, P.C.
10161 Park Run Drive, Suite 150
Las Vegas, Nevada 89145
Telephone (702) 318-6574 • Facsimile (702) 318-6575

144. Receiver, PM and JM have and previously received all the rights and privileges in The Companies.

145. Receiver, PM and JM have demanded money payments and the return of their investments in amounts far exceeding the amounts to which they are entitled under the agreements with The Companies.

146. As a result of Receiver's, PM's and JM's receipt and retention of benefits rightfully belonging Receiver, PM and JM has been damaged in excess of $75,000.

147. The wrongful acts of Receiver, PM and JM were deliberate, willful, oppressive, malicious, and fraudulent, and thereby justify an award of exemplary or punitive damages to Plaintiff.

148. It is inequitable for JM to enjoy the benefits of such wrongful acts including enjoyment of undeserved compensation, as described above, because such benefits rightfully belong to Plaintiff. JM gained this property and compensation through wrongful acts and holds the same as constructive trustee for the benefit of Plaintiff. Plaintiff is entitled to the equitable remedy of a constructive trust and an accounting to recover these assets.

149. Plaintiff has been required to obtain the services of Geoffrey W. Hawkins, Esq., to prosecute this claim, and is entitled to recover reasonable attorney's fees and other costs incurred in this litigation, in addition to any other relief to which it may be entitled.

HAWKINS MELENDREZ, P.C.
10161 Park Run Drive, Suite 150
Las Vegas, Nevada 89145
Telephone (702) 318-6574 • Facsimile (702) 318-6575

## THIRTEENTH CLAIM FOR RELIEF

### (Claim for Indemnity against Defendant JM)

150. Plaintiff realleges and incorporates by reference each and every allegation contained in Paragraphs 1 through 149 above.

151. As part of his contractual relationship with The Companies, JM agreed in writing to indemnify and hold harmless The Companies and its members, managers, officers, directors, employees, agents and professional advisors from and against any and all loss, damage, liability, or expense, including costs and reasonable attorneys' fees, that

the foregoing, or any of them, may incur by reason of, or in connection with JM's activities associated with The Companies.

152. It is implied by JM's position as a manager of The Companies that JM shall indemnify, save and hold The Companies and its members, managers, officers, directors, employees, agents and professional advisors clear and harmless from any and all liability, loss, damages, costs, expenses, including attorneys' fees, judgments, claims, liens and demands of any kind whatsoever in connection with, arising out of, or by reason of any act, omission or negligence of JM in any way connected with this instant litigation and any matters related hereto.

153. If the Companies are determined to be liable under the legal doctrine of respondeat superior or similar such doctrine for the wrongful and tortuous acts of JM, he is liable under the common law doctrines of indemnification and/or contribution for the judgment against The Companies.

154. By his actions as stated above, JM has caused The Companies to suffer losses, damages, liabilities, and expenses, including costs and reasonable attorney's fees.

155. JM is contractually obligated to indemnify The Companies for said losses, damages, liabilities, expenses, including costs and reasonable attorney's fees.

156. As a direct and proximate result of said incident complained of herein, Plaintiff has suffered general and special damages in an amount in excess of $75,000.

157. It is inequitable for JM to enjoy the benefits of such wrongful acts including enjoyment of undeserved compensation, as described above, because such benefits rightfully belong to Plaintiff. JM gained this property and compensation through wrongful acts and holds the same as constructive trustee for the benefit of Plaintiff. Plaintiff is entitled to the equitable remedy of a constructive trust and an accounting to recover these assets.

158. Plaintiff has been required to obtain the services of Geoffrey W. Hawkins, Esq., to prosecute this claim, and is entitled to recover reasonable attorney's fees and other costs incurred in this litigation, in addition to any other relief to which it may be

HAWKINS MELENDREZ, P.C.
10161 Park Run Drive, Suite 150
Las Vegas, Nevada 89145
Telephone (702) 318-6574 • Facsimile (702) 318-6575

entitled.

**FOURTEENTH CLAIM FOR RELIEF**

**(Slander to Title against Receiver, PM and JM)**

159. Plaintiff realleges and incorporates by reference each and every allegation contained in Paragraphs 1 through 158 above.

160. Receiver, PM and JM have made false and malicious communication, disparaging to Plaintiff's title in land.

161. As a result of Receiver's, PM's and JM's false and malicious communication disparaging Plaintiff's title in land Plaintiff has sustained damage in excess of $75,000.

162. The wrongful acts of Receiver, PM and JM were deliberate, willful, oppressive, malicious, and fraudulent, and thereby justify an award of exemplary or punitive damages to Plaintiff.

163. It is inequitable for JM to enjoy the benefits of such wrongful acts including enjoyment of undeserved compensation, as described above, because such benefits rightfully belong to Plaintiff. JM gained this property and compensation through wrongful acts and holds the same as constructive trustee for the benefit of Plaintiff. Plaintiff is entitled to the equitable remedy of a constructive trust and an accounting to recover these assets.

164. Plaintiff has been required to obtain the services of Geoffrey W. Hawkins, Esq., to prosecute this claim, and is entitled to recover reasonable attorney's fees and other costs incurred in this litigation, in addition to any other relief to which it may be entitled.

**FIFTHTEENTH CLAIM FOR RELIEF**

**(Quite Title against Receiver, PM and JM)**

165. Plaintiff realleges and incorporates by reference each and every allegation contained in Paragraphs 1 through 164 above.

166. Plaintiff is the owner in fee by Grant Deed of certain real property.

167. Receiver, PM and JM wrongfully claim an interest or estate in Plaintiff's real

HAWKINS MELENDREZ, P.C.
10161 Park Run Drive, Suite 150
Las Vegas, Nevada 89145
Telephone (702) 318-6574 • Facsimile (702) 318-6575

property. Receiver, PM and JM dispute or deny Plaintiff's right to ownership by contending that ownership is or will rest in Receiver, PM and JM and/or their assigns.

168. Receiver, PM and JM have no such right or title or estate in said property. Receiver, PM and JM have wrongfully interfered with or threatened to interfere with Plaintiff's use and enjoyment of said property.

169. Plaintiff has no adequate remedy at law to protect against Receiver, PM and JM wrongful interference.

170. Plaintiff prays for a determination of title prior to any transfer or sale of said property.

171. Plaintiff has been required to obtain the services of Geoffrey W. Hawkins, Esq., to prosecute this claim, and is entitled to recover reasonable attorney's fees and other costs incurred in this litigation, in addition to any other relief to which it may be entitled.

## SIXTEENTH CLAIM FOR RELIEF

### (Declaratory Relief against Receiver, PM and JM)

172. Plaintiff realleges and incorporates by reference each and every allegation contained in Paragraphs 1 through 171 above.

173. Pursuant to 28 U.S.C. 2201, et. Seq. and NRS 205.372 disputes have arisen between and among Plaintiff and Defendants herein, and each of them, as to the duties and obligations of the respective parties with regard to the underlying written credit transaction. These disputes concern but are not necessarily limited to the ownership of the Property.

174. A declaration of the rights and duties of the parties herein by this Court is essential to determine the actual status and validity of the rights, duties and/or obligations as to the enforcement of it.

175. Plaintiff prays that the Court will declare each party's rights and/or duties with respect to each other and with respect to said property.

HAWKINS MELENDREZ, P.C.
10161 Park Run Drive, Suite 150
Las Vegas, Nevada 89145
Telephone (702) 318-6574 • Facsimile (702) 318-6575

176. Plaintiff prays for a determination of title prior to any transfer or sale of said property.

**SEVENTEENTH CLAIM FOR RELIEF**

**(Fraudulent Conveyance against JM)**

177. Plaintiff realleges and incorporates by reference each and every allegation contained in Paragraphs 1 through 176 above.

178. On information and belief, JM made false representations of material facts and concealed material facts from The Companies' agents and employs in an effort to transfer real properties in Van Nuys California, Las Vegas, Nevada, and six hundred thousand dollars ($600,000) in currency to individuals including Moshe Schnapp, Yossi Attia, and Moshe Lichner, as well as the Aerial Company.

179. JM made false representations of material facts and concealed material facts to GK in an effort to induce GK into signing documentation to transfer the aforementioned property.

180. JM made such false statements, misrepresentations and omissions with knowledge of their falsity and with the intent to defraud and induce The Companies management and members to act upon those false representations or omissions.

181. The Companies reasonably and detrimentally relied on information, opinions, reports, misrepresentations and concealment of material facts made by JM.

182. The wrongful acts, omissions and self-dealings of JM caused Plaintiff to be damaged in a substantial amount not presently known with certainty, but above the jurisdictional minimum amount of $75,000.

183. The wrongful acts, omissions and self-dealings of JM were deliberate, willful, oppressive, malicious, and fraudulent, and thereby justify an award of exemplary or punitive damages to Plaintiff.

184. It is inequitable for JM to enjoy the benefits of such fraud including, enjoyment of undeserved compensation, as described above, because such benefits rightfully belong to Plaintiff. JM gained this property and compensation through fraud and

HAWKINS MELENDREZ, P.C.
10161 Park Run Drive, Suite 150
Las Vegas, Nevada 89145
Telephone (702) 318-6574 • Facsimile (702) 318-6575

holds the same as constructive trustee for the benefit of Plaintiff. Plaintiff is entitled to the equitable remedy of a constructive trust and an accounting to recover these assets.

185. Plaintiff has been required to obtain the services of Geoffrey W. Hawkins, Esq., to prosecute this claim, and is entitled to recover reasonable attorney's fees and other costs incurred in this litigation, in addition to any other relief to which it may be entitled.

## EIGHTEENTH CLAIM FOR RELIEF

### (Claim for Attorneys' Fees and Costs)

186. Plaintiff realleges and incorporates by reference each and every allegation contained in Paragraphs 1 through 185 above.

187. Receiver and PM sued The Companies wherein related documents contain an attorneys' fees provision under which the successful or prevailing party in litigation is entitled to recover attorneys' fees and costs.

188. In the event that The Companies, or any party The Companies indemnifies prevails in the litigation, The Companies seeks recovery of their attorneys' fees and costs.

189. As a direct and proximate result of said incident complained of herein, Plaintiff has incurred attorneys' fees and costs exceeding $75,000.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, GMT prays for judgment as follows:

1. For general damages in excess of $75,000 for each claim for relief, save and except those claims seeking equitable relief;

2. For special damages in excess of $75,000 determined at the time of trial;

3. For award of punitive damages in excess of $75,000 in an amount sufficient to punish Defendants for their intentional and malicious conduct;

4. For an order for Defendant JM to make an accounting of all compensation and GMT property unjustly acquired by wrongful acts to the detriment of Plaintiff;

5. For an award of reasonable attorney's fees and costs of suit incurred herein;

/ / /

HAWKINS MELENDREZ, P.C.
10161 Park Run Drive, Suite 150
Las Vegas, Nevada 89145
Telephone (702) 318-6574 • Facsimile (702) 318-6575

6. For declaratory relief; and

7. For such other and further relief as the Court may deem just and proper.

DATED this 12th day of November, 2009.

**HAWKINS MELENDREZ, P.C.**

GEOFFREY W. HAWKINS, ESQ.
Nevada Bar No. 7740
10161 Park Run Drive, Suite 150
Las Vegas, NV 89145
Telephone (702) 318-6574
Facsimile (702) 318-6575
*Attorneys for Plaintiff*

HAWKINS MELENDREZ, P.C.
10161 Park Run Drive, Suite 150
Las Vegas, Nevada 89145
Telephone (702) 318-6574 • Facsimile (702) 318-6575

**VERIFICATION**

STATE OF NEVADA )
) ss.
COUNTY OF CLARK )

I, SUSAN CRISP, Independent Trustee of The Galina Sudai 2009 Irrevocable Trust For The Benefit Of Her Handicapped Son, Michael Kubrak, being first duly sworn, deposes and says:

That she is the Independent Trustee of Plaintiff in the foregoing matter and has read the foregoing **COMPLAINT**, knows the contents thereof and that the same are true to the best of her knowledge, except as to the matters therein set forth upon information and belief, and as to those matters, she believes them to be true.

Susan Crisp
Susan Crisp
Independent Trustee

SUBSCRIBED and SWORN to before me this 11th day of November, 2009.

Edith Nyiri
Notary Public In and For Said County and State

(SEAL) EDITH D. NYIRI CERT. NO. 06-103230-1 NOTARY PUBLIC DATE APPT. EXP 12-8-2009 STATE OF NEVADA

HAWKINS MELENDREZ, P.C.
10161 Park Run Drive, Suite 150
Las Vegas, Nevada 89145
Telephone (702) 318-6574 • Facsimile (702) 318-6575