Blair R Jackson (NV Bar No. 9839)
Blair@cjlawnv.com
CHRISTIANSEN & JACKSON, PC
3960 Howard Hughes Parkway
Suite 500
Las Vegas, Nevada 89169
Telephone: (702) 944-0360
Facsimile: (702) 942-0741

*Attorneys for Joshua Michaely, Defendant and Cross-claimant*

# UNITED STATES DISTRICT COURT
# DISTRICT OF SOUTHERN NEVADA

| | |
|---|---|
| THE GALINA SUDAI 2009 IRREVOCABLE TRUST FOR THE BENEFIT OF HER HANDICAPPED SON, MICHAEL KUBRACK, <br><br>　　　Plaintiff, <br><br> v. <br><br> ROBB EVANS, Receiver over the Assets of Joshua Michaely; PATTI MICHAELY; JOSHUA MICHAELY; PAUL T. DYE; and DOES 1 through X, inclusive, <br><br>　　　Defendants. <br><br> JOSHUA MICHAELY, <br><br>　　　Cross-claim Plaintiff, <br><br> v. <br><br> PATTI MICHAELY; ROBB EVANS; and PAUL T. DYE; <br><br>　　　Cross-claim Defendants | Case No. 2:09-cv-2181-LDG-RJJ <br><br> **DEFENDANT/CROSS-CLAIM PLAINTIFF, JOSHUA MICHAELY'S RESPONSE MEMORANDUM IN OPPOSITION TO PLAINTIFFS/CROSS-CLAIM DEFENDANTS' MOTION TO DISMISS CROSS-CLAIM** |

1

COMES NOW, Defendant/Cross-claim Plaintiff, Joshua Michaely (hereinafter "Plaintiff"), by and through his counsel of record, and respectfully submits the following response to the *Motion by Cross-Defendants Robb Evans and Patti Michaely to Dismiss Cross-claim by Joshua Michaely Under Fed.R.Civ.P. Rule 12B-6* (hereinafter "Motion") filed by Plaintiffs/Cross-claim Defendants Patti Michaely and Robb Evans (hereinafter "Michaely" and "Evans" individually or collectively as "Defendants").

## INTRODUCTION

In response to the above-entitled action by his former employer, and as a result of Defendants' continual tortious behavior, Plaintiff filed his *Cross-Claim* (hereinafter "Cross-claim") against Defendants. Defendants, in conjunction with Paul T. Dye, have been harassing Plaintiff, his employers, his business partners, his family and his friends all in the pretence of collecting on a judgment against Plaintiff. Notwithstanding Defendants harassing attempts, they have collected very little in assets, but have been overly effective in destroying Plaintiff's assets and business relationships. They now seek to do the same thing to the Galina Sudai 2009 Irrevocable Trust.

While it is true that Evans has been appointed receiver and is authorized to conduct certain activities to protect the assets. He has done very little do so. In fact, the majority of his acts have been outside the scope of his receivership as he and Michaely have committed tortious acts against Plaintiff. As alleged in the Cross-claim, Defendants' acts, among other things, include inventing false stories about Plaintiff's relationship with and behavior towards Michaely and slandering Plaintiff's moral, ethical, and business character. Cross-claim, ¶¶ 10-11. Specifically, these acts are a result of Defendants fabrication of stories regarding Plaintiff and then publishing such to Alan Kessler, Plaintiff's former co-worker. Defendants fabricated and

published similar lies to Plaintiff's friends and principle investors, including Zvi Shapiro, Galina Sudai, corporate officer's of Ms. Sudai's companies and Eli Arviv.  As a result of Defendants' tortious behavior, and as alleged in the Cross-claim, Plaintiff has been damaged by the loss of contact and relationship with employers, business partners, coworkers, and investors.

## ARGUMENT

Defendants request the dismissal of Plaintiff's Cross-claim.  The Cross-claim, however, sufficiently sets forth a cause of action which Plaintiff is entitled to relief making it adequate to withstand Defendants' Motion.  Furthermore, even if this Court determines that the Cross-claim was not sufficiently pled, which it should not, granting Plaintiff leave to amend the Cross-claim is more appropriate than dismissal.  Lastly, Plaintiff has standing to bring his claim and has a legal right to sue Evans.  For these reasons, the Court should deny Defendants' request to Dismiss Plaintiff's Cross-claim.

**I.    Plaintiff's Cross-claim sufficiently states a claim upon which relief should be granted.**

It is well observed that the Federal Rules of Civil Procedure require only notice and not fact specific pleading.  Accordingly, Rule 8(a)(2) does not require a plaintiff to plead facts which establish a prima facie case. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007).  Further, there is a strong presumption against dismissing an action for failure to state a claim. *Gilligan v. Jamco Dev. Corp.*, 108 F.3d 246, 249 (9th Cir. 1997).  Defendants' Motion requests this Court to dismiss Plaintiff's Cross-claim for failing to properly state a claim by not sufficiently detailing facts which would allow Plaintiff to obtain relief.

It is also well known that "all well-pleaded allegations of material fact are taken as true and construed in a light most favorable to the non-moving party." *Wyler Summit Partnership v. Turner Broad. Sys., Inc.*, 135 F.3d 658, 661 (9th Cir. 1998).  Here, Plaintiff has sufficiently plead

his Cross-claim under Rule 8(a)(2) and with the facts construed in light most favorable to him, both his Defamation and Intentional Interference with Contractual Relations claims should therefore survive the Motion.

### a.     Plaintiff appropriately pled his Defamation claim.

Defendants cite *Blanck v. Hager*, 360 F. Supp. 2d 1137 (D. Nev. 2005) in support of their claim that the Cross-claim is insufficiently pled.  The elements for defamation include "1) a false and defamatory statement, 2) an unprivileged publication to a third person of the statement, 3) fault, amounting to negligence, and 4) actual or presumed damages." *Id*.  Plaintiff appropriately asserted each of these elements.  Plaintiff alleged that Defendants fabricated false and defamatory statements concerning his relationship with Michaely, his moral, his ethical and his business character.  Cross-claim, ¶¶ 9-11, 33.  Plaintiff also alleged that Defendants published such statements to third parties.  Cross-claim, ¶¶ 9-11, 33-34.  Throughout the entire Cross-claim, Plaintiff alleges that the statements were fabricated and entirely false.  Finally, Plaintiff alleged that he had been damaged as a result of Defendants' behavior.  Cross-claim, ¶¶ 13-14, 25-28.  Thus, under the notice pleading system, Plaintiff's claims were appropriately alleged.

Defendants improperly argue that the Cross-claim should be dismissed because any statements, if made, were permitted under the defenses of privilege and truth.  Whether the statements are true or not is a determination of fact which is not appropriate for consideration in a motion to dismiss but rather reserved for trail or summary judgment.  Consequently, the existence of such defenses are irrelevant at this juncture.  "When a complaint adequately states a claim, it may not be dismissed based on a district court's assessment that the plaintiff will fail to find evidentiary support for his allegations or prove his claim to the satisfaction of the factfinder." *Twombly* at 563.  Additionally, whether or not a Plaintiff ultimately prevail is not

determinative, but whether he may offer evidence in support of his claims. *Gilligan* at 249. Therefore the relevant issue is whether or not Plaintiff has sufficiently pled his claims, and not whether Defendants have valid defenses. Finally, a Court may not grant a Motion to Dismiss for failure to state a claim "unless it appears beyond doubt that the Plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957).

Again, Defendants' assertion to a defense is insufficient grounds for the court to grant a dismissal. Plaintiff has sufficiently pled his claims against Defendants and there remains no significant doubt that Plaintiff will not prevail at trial. Therefore, it is plainly apparent that, when viewed in light most favorable to Plaintiff, he has legitimate claims against both Defendants.

**b.      Plaintiff appropriately pled his Intentional Interference claim.**

Plaintiff also asserted a claim for Intentional Interference with Contractual Relations. Defendants fail to address the claim in its entirety other than to claim that it is "based on the allegedly false claims made against Krubrak and her entities." Motion, p. 5. Their only real response is to defiantly claim any such action was permitted under the defense of privilege and/or truth. However, Intentional Interference with Contractual Relations is in and of itself its own cause of action and does not rely on defamation as an essential element. Rather, to establish a claim for Intentional Interference with Contractual Relations a Plaintiff must prove, "1) a valid and existing contract; 2) the defendant's knowledge of the contract; 3) intentional acts intended or designed to disrupt the contractual relationship; 4) actual disruption of the contract; and 5) resulting damage." *Sutherland v. Gross*, 772 P.2d 1287, 1290 (Nev. 1989). Under those

elements, defamation, truth, or privelige are entirely irrelevant. Therefore, Plaintiff's Intentional Interference claim was sufficiently pled and is not subject to dismissal.

**II.     Leave to amend is the proper remedy should this Court find the Cross-claim to be insufficiently pled.**

Plaintiff believes it has sufficiently pled its causes of action to prevent dismissal. Even if this Court were to determine Plaintiff's Cross-claim is insufficient to state a claim for which relief can be granted, which it should not, dismissal is not the appropriate remedy. Defendants' contention that dismissal is appropriate is unfounded in law. That argument, which relies on *Blanck*, requests this Court to dismiss the action because Plaintiff has failed to identify the when and who of the statements made. However, *Blanck* did not provide such a holding. Rather, the court in *Blanck*, after having first found insufficient pleading, provided the Plaintiff 30 days leave to amend the complaint. Thus, in light of *Blanck* and *Gilligan*, even if the Court finds Plaintiff insufficiently pled its Cross-claims, the court should provide 30 days leave for Plaintiff to amend such.

**III.    Despite Evans' receivership status, Plaintiff has standing and is within his rights to sue all Defendants.**

Lastly, Defendants contend Plaintiff cannot maintain an action against Defendants because he does not possess standing and because he has not received permission from the appointing court to do so. Plaintiff has standing to sue Defendants. Although it is true Evans was appointed receiver, Plaintiff reasonably believes that such an appointment was in violation of multiple procedural and constitutional standards and is currently appealing the appointment to the Nevada Supreme Court (Supreme Court Docket No. 55526, District Court Case No. A509702). Furthermore, contrary to Defendants' arguments, an appointment of a receiver does not remove an individual's ability to bring a suit based upon personal damages not related to the

scope or authority of the receivership.  In this case, Plaintiff brings causes of action for intentional interference with contractual relations and defamation.  Both are personal, and have little to no bearing on the duty of the receiver.  Rather, Plaintiff's action is brought against the individuals, not positions.

More importantly though, is that Plaintiff's claims against Evans is for tortious acts committed outside the scope of his receivership.  Now, Evans is seeking protection from this Court under his role as receiver for acts committed as an individual.  Plaintiff acknowledges that a receiver is entitled to judicial immunity because he "merely perform[s] actions which the court order[s him] to take." *Kohlrautz v. Oilmen Participation Corp.*, 441 F.3d 827, 836 (9th Cir. 2005).  However, implied in such an assertion is that the receiver act only in accordance with the court's direction because even though a receiver has broad powers, they are not limitless.  In fact, "a receiver's powers are derived from the purpose his appointment serves." *Credit Managers Ass'n v. Kennesaw Life & Acc. Ins.*, 809 F.2d 617, 621 (9th Cir. 1987).  Thus, a receiver must not exceed the limits of the authority granted it.  See generally, 8 Debtor-Creditor Law p 33.02[B], at 33-8 (Matthew Bender 1992).  The district court did not provide Evans the ability to contact individuals and harass them and defame Plaintiff.  Thus, Evans exceeded the limit of his authority as a receiver and is thus liable as an individual.  Further, Plaintiff's claims are against Evans individually and not as a receiver.  Thus, the requirement for application is inapplicable in this instance.

However, if this Court should determine such an application is necessary under these facts, Plaintiff is ready to file for permission from the District Court.  Plaintiff also calls attention to the fact that any requirement for application would only be applicable as to Evans and not

Michaely. Thus, if this Court determines that Plaintiff does need to apply for such permission, its action against Michaely should still stand.

## CONCLUSION

Based on the foregoing reasons, Defendants' Motion should be denied and Plaintiff's claims against Defendants should remain. In the alternative, Plaintiff is prepared to draft and file an Amended Cross-claim with proper leave to do so from this Court. Further, Plaintiff is also prepared to seek permission from the Nevada District Court to sue Evans should this Court determine that such is necessary to maintain an action against Evans personally.

DATED this 18th day of June, 2010.

/s/ BLAIR R. JACKSON

Blair R. Jackson
Attorney for Defendant
CHRISTIANSEN & JACKSON, PC
3960 Howard Hughes Parkway
Suite 500
Las Vegas, Nevada 89169

**CERTIFICATE OF SERVICE**

I, the undersigned, hereby certify that on the 18th of June, 2010, a true and correct copy of the foregoing was sent via *Electronic Court Mail Delivery System*, to the following:

Charles D Lombino
Lombino Law Studio
2716 Lovington Drive
Henderson, Nevada 89074
cdl@lombinolawstudio.com

Paul T Dye
Saltzburg Ray & Bergman, LLP
12121 Wilshire Boulevard, Suite 600
Los Angeles, California 90025-1166
ptd@srblaw.com

William Cooper
William Cooper Law Offices
601 E. Bridger
Las Vegas, Nevada 89074
wcooper@williamcooperlaw.com

Benjamin L. Bunker
The Bunker Law Group, PLLC
953 East Sahara Ave, Suite 200
Las Vegas, Nevada 89104
benbunkeresq@gmail.com

Gary E. Klausner
Greg K. Jones
Stutman, Treister & Glatt PC
1901 Avenue of the Stars, 12th Floor
Los Angeles, CA 90067

/s/ BLAIR R. JACKSON

Blair R. Jackson, Esq.