PAUL T. DYE, Cal. State Bar No. 81753
SALTZBURG, RAY & BERGMAN, LLP
12121 Wilshire Boulevard, Suite 600
Los Angeles, California 90025-1166
(310) 481-6700 – Fax: (310) 481-6720
E-Mail: ptd@srblaw.com

Attorneys for Defendant, Crossdefendant and Counterclaimant, Patti Michaely

WILLIAM COOPER, ESQ., State Bar No. 2213
WILLIAM E. COOPER LAW OFFICES
601 E. BRIDGER AVENUE
LAS VEGAS, NEVADA 89101
(702) 382-5111 – Fax: (702) 382-2170
E-Mail: wecooper@williamcooperlaw.com

Attorneys for Defendant, Crossdefendant and Counterclaimant, Patti Michaely

CHARLES LOMBINO, State Bar No. 8547
LOMBINO LAW STUDIO, LTD
2716 Lovington Drive
Henderson, Nevada 89074
(702) 357-8620
EMAIL: cdl@lombinolawstudio.com

Attorneys for Defendant, Crossdefendant and Counterclaimant, Robb Evans, Receiver

# UNITED STATES DISTRICT COURT

# DISTRICT OF SOUTHERN NEVADA

| | |
|---|---|
| THE GALINA SUDAI 2009 IRREVOCABLE TRUST FOR THE BENEFIT OF HER HANDICAPPED SON, MICHAEL KUBRAK,<br><br>Plaintiff,<br>v.<br><br>ROBB EVANS, Receiver over the Assets of Joshua Michaely; PATTI MICHAELY and JOSHUA MICHAELY, and DOES 1 through X, inclusive,<br><br>Defendants.<br><br>AND COUNTERCLAIM<br>AND CROSSCLAIM | Case No. Case No. 2:09-cv-2181-LDG-RJJ<br><br>**REPLY BRIEF BY CROSS-DEFENDANTS ROBB EVANS AND PATTI MICHAELY IN SUPPORT OF MOTION TO DISMISS CROSSCLAIM BY JOSHUA MICHAELY UNDER FED.R.CIV.P. RULE 12B-6** |

1

Cross-defendants Patti Michaely ("Patti") and Robb Evans, who has been appointed Receiver over the assets of Joshua Michaely (the "Receiver"), reply to the opposition of cross-claimant, defendant and judgment debtor Joshua Michaely ("J. Michaely") as follows:

## 1. THE AFFIRMATIVE DEFENSES OF PRIVILEGE AND TRUTH ARE EVIDENT ON THE FACE OF THE CROSSCLAIM, OR FROM JUDICIALLY NOTICEABLE DOCUMENTS.

J. Michaely's argument that defenses may not be asserted in motions to dismiss ignores long established rules concerning Rule 12(b)(6) motions. The rule is that claim may be dismissed based on an affirmative defense, provided that the facts establishing the defense are clear on the face of the plaintiff's pleadings. *Santana-Castro v. Toledo-Davila*, 579 F.3d 109, 113-114 (1st Cir. 2009). See also 5B Charles A. Wright & Arthur R. Miller, Federal Practice and Procedure § 1357 at 708 (3d ed.2008) (A complaint can be dismissed on a Rule 12(b)(6) motion "when its allegations indicate the existence of an affirmative defense that will bar the award of any remedy."). Furthermore, as set forth in footnote 1 of the Motion to Dismiss (the "Motion"):

> "[C]ourts must consider the complaint in its entirety, as well as other sources courts ordinarily examine when ruling on Rule 12(b)(6) motions to dismiss, in particular, documents incorporated into the complaint by reference, and matters of which a court may take judicial notice." *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 127 S.Ct. 2499 (2007).

Furthermore, although a plaintiff is not required to attach to the complaint the documents on which it is based, when a plaintiff fails to do so, the defendant may attach to a Rule 12 motion the documents that are referred to in the complaint to show that the documents do not support plaintiff's claims. *Branch v. Tunnell*, 14 F.3d 449, 454 (9th Cir. 1994) (overruled on other grounds in *Galbraith v. County of Santa Clara*, 307 F.3d 1119, 1127 (9th Cir. 2002); *Bryant v. Avado Brands Inc.*, 187 F.3d 1271, 1281, fn 16 (11th Cir. 1999). This prevents "a plaintiff with a legally deficient claim from surviving a motion to dismiss simply by failing to attach a dispositive

document on which it relied". *Pension Benefit Guar. Corp. v. White Consolidated Industries Inc.*, 998 F.2d 1192, 1196 (3rd Cir. 1993).

<u>Privilege Defense</u>. As noted in the Motion and never disputed in the Opposition, the defense of privilege appears on the face of the crossclaim. The pleading alleges that the defamation claim is based on the "*filing multiple lawsuits against J. Michaely's employers*, claiming all manner of false claims against his employers, to induce the employers to fire J. Michaely from their employ." [Crossclaim, ¶ 12]. The interference claim rests on that same allegation, which is incorporated by reference, and the claim that "Crossclaim Defendants chose to ruin [J. Michaely's] working relationship with Ms. Kubrak-Sudai by bringing all manners of false claims against her and her companies." [¶ 24]. Since a party is absolutely privileged under both California and Nevada law to make statements in the course of judicial proceedings, those statements cannot be used as the basis for ***any*** claim. See authorities stated in § III(C) of the Motion.

J. Michaely tries ineffectively to avoid dismissal of his interference with contract claim by arguing that the different elements of such a claim insulate it from the privilege defense. According to the Opposition one of the necessary elements of an interference claim is "intentional acts intended or designed to disrupt the contractual relationship." Opposition, p. 5. Where, as here, the alleged "intentional acts" are privileged (that Patti and the Receiver made statements in court proceedings that were harmful to J. Michaely's business relationships), they cannot form the basis for a claim. That is what privilege means in this context.

<u>Truth Defense</u>. The Opposition also fails to discuss the effect of the Kubrak Judgment (Exhibit "C" to the Request for Judicial Notice ("RJN")). The Motion correctly asserts (and the Opposition does not challenge) that the Kubrak Judgment establishes the truth of the claimed defamatory/interfering statements that form the basis of the claims. The Opposition argument pretends instead that affirmative defenses cannot be the basis for dismissal at this stage of the proceeding, which argument is negated by the authorities set out above.

Accordingly, both claims are negated <u>twice</u>, and there is no way to amend around these problems. For example, the addition, hypothetically, of allegations that the Receiver and Patti made statements in back alleys in Phoenix to J. Michaely's co-workers in August 2009 that Galina Kubrak

was fraudulently holding property for J. Michaely would fail to state a claim because the Kubrak Judgment establishes that such statement is true.

### 2. J. MICHAELY LACKS STANDING.

J. Michaely fails to directly address his lack of standing, other than by simply asserting that he has it. The Order appointing the Receiver (RJN, Exhibit "A," hereafter, the "Receiver Order") is clear that all of J. Michaely's assets are under the Receiver's control. Hence, J. Michaely's does not have standing. There is no way to amend around this problem.

### 3. J. MICHAELY'S CLAIMS AGAINST THE RECEIVER ARE DIRECTLY RELATED TO THE RECEIVER'S DUTIES.

J. Michaely's admitted failure to obtain permission from the appointing court to sue the Receiver is fatal to his claims against the Receiver. The crossclaim asserts that the Receiver has made statements in the course of judicial proceedings that defame J. Michaely and interfere with contracts to which he is a party. J. Michaely argues, without citing any authority, that he was excused from getting court approval for these claims because the Receiver acted outside the scope of his authority. Both parts of this assertion are false. J. Michaely was not excused from getting permission, and both logic and the Receiver Order show that the assertion that the Receiver acted beyond his authority is patently false.

The judicially noticeable facts:

1. The Receiver Order <u>required</u> the Receiver to undertake an investigation of J. Michaely's assets and potential fraudulent transfers. Paragraph 5 of the Order states:

> In another pending action, Judgment Creditor [Patti] has alleged that Judgment Debtor [J. Michaely] has fraudulently transferred and has a beneficial ownership interest in numerous businesses and properties ("Disputed Properties"), which are identified below. ***The Receiver is directed to, and has authority to conduct an investigation for the existence and location of the assets of the Judgment Debtor, including but not limited to the Disputed Properties and Debtor Businesses.*** Where the Receiver identifies assets which the Receiver believes are owned in whole or in part by Judgment Debtor, but which are not in Judgment Debtor's name, or

4

which have been fraudulently transferred by Judgment Debtor, the Receiver shall apply to this court for further orders to pursue those assets by applications for orders, by filing orders to show cause and serving those upon the parties holding such assets, or by filing separate actions to recover the assets from the third parties holding same. [Emphasis added.]

2. The Receiver Order then lists 20 real properties and 38 entities as falling into the Disputed Properties category. As borne out by the Judgment against Kubrak in this action, many of the Disputed Properties were, in fact, being fraudulently held by Kubrak for J. Michaely.

3. Another Order from the appointing court (Exhibit "B" to the RJN) states that the Receiver was authorized to join as a plaintiff in the lawsuit that forms the basis of J. Michaely's alleged claims.

Given these facts, logic makes plain that any statements allegedly made by the Receiver would be made in the course of the ordered investigation, or as the crossclaim alleges, were made in the judicial proceeding.

These facts establish both that (a) the Receiver has absolute derivative judicial immunity for the alleged wrongdoing because he was performing actions authorized by the court;[1] and (b) J. Michaely had to obtain permission of the appointing court before filing claims against the Receiver. Indeed, the fact situation makes it plain why the appointing court's permission is important. Having appointed the Receiver, who is an officer of the court, the appointing court is in the best position to determine whether the Receiver has acted beyond his authority. That court not only issued the Orders, it has the history of the proceeding and knows the underlying basis for its orders.

### 4. THE CROSSCLAIM FAILS TO ALLEGE VIABLE CLAIMS.

J. Michaely's attempt to hide behind Federal Rule 8 is unavailing here. *Blanck v. Hager*, 360 F.Supp.2d 1137 (D. Nev. 2005) is clear that general statements regarding defamation are insufficient. It granted the motion, but gave plaintiff leave to amend: "to allege the specific

---

[1] See *Johnson v. MacCoy*, C.A.9th, 1960, 278 F.2d 37, holding that when the complaint indicated that the defendant was exercising his judicial functions, and failed to allege facts showing that the defendant acted in excess or in the absence of jurisdiction, the general rule that a judge is immune from suit required dismissal of the complaint.

5

statements constituting defamation, as well as the elements of publication and fault. If Plaintiff does not amend his Complaint within this time period, the Court will dismiss Plaintiff's defamation claim." Numerous other cases require such specificity. For example the court in *Silicon Knights, Inc. v. Crystal Dynamics, Inc*, 983 F.Supp. 1303, 1314 (1997) stated: "The words constituting a libel or slander must be specifically identified, if not plead verbatim. [Citation.] While the exact words or circumstances of the slander need not be alleged to state a claim for defamation, the substance of the defamatory statement must be alleged." See also *Bobal v. Rensselaer Polytechnic Inst.*, 916 F.2d 759, 763 (2d Cir.1990) (affirming dismissal of slander claim where plaintiff failed to "plead adequately the actual words spoken, publication or special damages"); *U.S. ex rel. Smith v. Yale University*, 415 F.Supp.2d 58, 109 (D.Conn. Feb 14, 2006) (Although verbatim pleading is not required, a party must plead, in order to provide sufficient notice, "what defamatory statements ... were made concerning the plaintiff, when they were made, [and] to whom they might have been made."); 5A Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 1309 (3d ed.2004) (a plaintiff must specifically plead the time and place of the publication for defamation claim).

These same rules should apply to the interference claim which is based on exactly the same inadequately pleaded defamation, which provides far too little information to allow cross defendants the ability to meaningfully respond, or for the court to determine if any interference did in fact occur.

### 5. CONCLUSION.

Patti and the Receiver previously filed Rule 12(b)(6) motions to dismiss to both of the failed efforts of plaintiff The Galina Sudai 2009 Irrevocable Trust for the Benefit of Her Handicapped Son Michael Kubrak (the "Trust") to state a claim. The first was denied because the Trust amended the complaint and the second was granted without leave to amend. As those motions noted, J. Michaely is the man behind the curtain manipulating and directing the Trust in all of its actions, including the filing of this lawsuit.

The crossclaim is a continuance of the J. Michaely shell game. His allegations are even more vague than those of the Trust complaints. His bald defamation allegations fail to identify what the defamatory statements were, when they were made or where they were made. His claims, like those

of the Trust, are based on privileged utterances appearing in pleadings or related to lawsuits Patti has brought against J. Michaely. J. Michaely, like the Trust, lacks standing. Also like the Trust, J. Michaely has failed to get permission to sue the Receiver.

Despite having the benefit of the two motions to dismiss that detail these defects in the Trust pleadings, J. Michaely wastes the time of Patti, the Receiver and this court with his obviously defective pleading. The crossclaim should be dismissed without leave to amend.

Respectfully submitted,

LOMBINO LAW STUDIO, LTD.

DATED: June 29, 2010

By: /S/
CHARLES D. LOMBINO
State Bar No. 8547
Attorneys for Defendant and Counterclaimant,
Robb Evans, Receiver

WILLIAM E. COOPER LAW OFFICES

DATED: June 29, 2010

By: /S/
WILLIAM E. COOPER
Attorneys for Defendant and Counterclaimant,
Patti Michaely

DATED: June 29, 2010

SALTZBURG, RAY & BERGMAN, LLP

By: _____
PAUL T. DYE
Attorneys for Defendant and Counterclaimant,
Patti Michaely

**CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of **REPLY BRIEF BY CROSS-DEFENDANTS ROBB EVANS AND PATTI MICHAELY IN SUPPORT OF MOTION TO DISMISS CROSSCLAIM BY JOSHUA MICHAELY UNDER FED.R.CIV.P. RULE 12B-6**, was forwarded to the following parties, ***Via Electronic Court Mail Delivery System***, on the 29th day of June, 2010:

benbunkeresq@gmail.com
Benjamin L. Bunker
The Bunker Law Group, PLLC
953 East Sahara Avenue, Suite 200
Las Vegas, NV 89104

mmelendrez@hawkinsmelendrez.com
Martin I. Melendrez, Esq.
Hawkins Melendez, P.C.
10161 Park Run Drive, Suite 150
Las Vegas, NV 89145

blair@cjlawnv.com
Blair R. Jackson, Esq.
Christiansen & Jackson, PC
3960 Howard Hughes Parkway
Las Vegas, Nevada 89169

jjlamadrid@gmail.com
Joslyn LaMadrid, Esq.
10338 Cherry Brook Street, Suite 208
Las Vegas, Nevada 89183

By:  /s/ Diedre N. Hoffman
    Diedre N. Hoffman, an Employee of
    William E. Cooper Law Offices